UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MERIDIAN ENTERPRISES CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) Case No. _____ |
| vs. | ) ) |
| SHC DIRECT, LLC, | ) COMPLAINT AND JURY DEMAND ) |
| Defendant. | ) ) |
| *Serve at:* Jeffrey Harris, President SHC Direct, LLC 1020 West 31st Street, Suite 225 Downers Grove, IL 60515 | ) ) ) ) ) |

### MERIDIAN ENTERPRISES CORPORATION'S COMPLAINT AND JURY DEMAND

Meridian Enterprises Corporation ("Meridian") for its Complaint against the Defendant, SHC Direct, LLC ("SHC"), alleges as follows:

### Parties

1. Meridian is a corporation organized and existing under the laws of the State of Missouri, having a principal place of business at 951 Hornet Drive, Hazelwood, Missouri 63042.

2. SHC is a limited liability company organized under the laws of the State of Illinois and has its principal place of business at 1020 West 31st Street, Suite 225, Downers Grove, Illinois 60515.

### Jurisdiction and Venue

3. The Complaint arises under the patent laws of the United States, Title 35, United States Code, including, among others, section 271.

4. This Court has jurisdiction over the subject matter of the claims of patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over the SHC because SHC either has a regular and established place of business, or conducts business, in this judicial District.

6. Venue in this District is, thus, proper pursuant to 28 U.S.C. §§ 1391(b) and 1400.

### Meridian's Patent

7. On September 17, 1987, Meridian filed a patent application with the United States Patent and Trademark Office which application resulted in the granting of United States Patent No. 5,025,372. A copy of that patent is attached as Exhibit A.

8. Meridian is the owner of U.S. Patent No. 5,025,372 (hereinafter, the "'372 Patent").

9. Meridian has been making, using, offering for sale, selling, distributing, and/or servicing computerized incentive award programs which are covered and protected by the claims of invention of the '372 Patent.

10. Meridian has complied with 35 U.S.C. § 287.

### COUNT I – PATENT INFRINGEMENT

The following allegations in paragraphs 49-65 are made with respect to SHC.

11. SHC sells, administers, processes and/or sponsors an incentive program where cards are provided to participants in the incentive program. Those cards have the name of the participant and an account number on them.

12. Participants can present those cards to retailers in order to make a purchase.

13. Retailers honor the cards and allow participants to make purchases with them.

14. A computer database is associated with the incentive program and contains the names, addresses, and/or social security numbers of the participants.

15. That database also contains the account numbers that appear on the cards that is provided to the participants.

16. One can tell from that database which account number is associated with which participant.

17. A computer is used to determine whether or not a participant's performance under the incentive program entitles the participant to an award.

18. The computer also determines the amount of the award.

19. The amount of the award is based upon the level of the participant's performance in the incentive program.

20. Some or all of the purchases made by a participant with the card are paid for with money provided by the company sponsoring the program.

21. A computer is used to keep track of transactions made with the card.

22. The cards are not associated with or linked to the participants' personal checking accounts.

23. The money used to pay for transactions with the cards is in a bank account owned by someone other than the participant.

24. Upon information and belief, SHC has known of Meridian and the '372 patent since at least before SHC began selling, administering, processing, and/or sponsoring its card-based incentive award programs.

25. SHC has itself infringed, induced others to infringe, and contributed to the infringement of the '372 patent by making, using, offering for sale, selling, distributing, and/or

servicing card-based incentive award programs that infringe one or more claims of the '372 patent.

26. SHC will continue to infringe, induce others to infringe, and contribute to the infringement of the '372 patent unless enjoined by this Court.

27. SHC is a willful infringer.

**WHEREFORE**, Meridian prays this Court:

A. Permanently enjoin SHC, and those acting in concert and participation therewith from infringing, inducing others to infringe, or contributing to the infringement of United States Patent No. 5,025,372;

B. Award all monetary damages to Meridian for patent infringement as allowed by 35 U.S.C. § 284;

C. Treble the damage award pursuant to 35 U.S.C. § 284;

D. Determine that SHC's conduct renders the patent infringement an exceptional case and award attorney's fees pursuant to 35 U.S.C. § 285;

E. Award Meridian its costs and expenses; and

F. Grant all other relief that this Court deems necessary, just, and proper under the circumstances.

### Jury Demand

Pursuant to Fed. R. Civ. P. 38 and the Seventh Amendment of the Constitution of the United States, Meridian respectfully demands a jury trial on all issues so triable.

Respectfully submitted,

/s/

John L. McMullin, Esq. #22637
BROWN & JAMES, P.C.
1010 Market Street, 20th Floor
St. Louis, Missouri 63101-2000
(314) 421-3400 – Telephone
(314) 242-5357 – Facsimile

Spiro Bereveskos, Esq.
Steve Zlatos, Esq.
Lisa A. Hiday, Esq.
WOODARD, EMHARDT, MORIARTY
MCNETT & HENRY LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
(317) 634-3456 – Telephone
(317) 637-7561 – Facsimile

*Attorneys for Plaintiff,*
*Meridian Enterprises Corporation*

476057/12016-277

5