UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| MERIDIAN ENTERPRISES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 07-cv-7021 |
| | ) ) ) | Judge Elaine E. Bucklo Magistrate Geraldine Soat Brown |
| | ) ) | JURY DEMANDED |
| vs. | ) ) | |
| SHC DIRECT, LLC, | ) ) | |
| Defendant. | ) | |

**SHC DIRECT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO MERIDIAN ENTERPRISES CORPORATION'S COMPLAINT**

### I. ANSWER

Defendant SHC Direct, LLC, ("SHC Direct") for its answer to plaintiff Meridian Enterprises Corporation's ("Meridian's") Complaint states as follows:

### Parties

1.  Meridian is a corporation organized and existing under the laws of the State of Missouri, having a principal place of business at 951 Hornet Drive, Hazelwood, Missouri 63042.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the allegations of this Paragraph and consequently denies same, leaving Meridian to its proofs.

2. SHC is a limited liability company organized under the laws of the State of Illinois and has its principal place of business at 1020 West 31st Street, Suite 225, Downers Grove, Illinois 60515.

**ANSWER:**

Admitted.

## Jurisdiction and Venue

3. The Complaint arises under the patent laws of the United States, Title 35, United States Code, including, among others, section 271.

**ANSWER:**

SHC Direct admits only that Meridian attempts to state a claim arising under the Patent Laws of the United States.

4. This Court has jurisdiction over the subject matter of the claims of patent infringement pursuant to 28 U.S.C. § 1331 and 1338(a).

**ANSWER:**

SHC Direct admits only that this Court has subject matter jurisdiction over this action.

5. This Court has personal jurisdiction over the SHC because SHC either has a regular and established place of business, or conducts business, in this judicial District.

**ANSWER:**

SHC Direct admits only that this Court has personal jurisdiction over SHC Direct.

6. Venue in this District is, thus, proper pursuant to 28 U.S.C. §§ 1391(b) and 1400.

**ANSWER:**

SHC Direct admits only that venue is proper in this Court.

## Meridian's Patent

7. On September 17, 1987, Meridian filed a patent application with the United States Patent and Trademark Office which application resulted in the granting of United States Patent No. 5,025,372. A copy of that patent is attached as Exhibit A.

**ANSWER:**

SHC Direct admits only that attached to the Complaint as Exhibit A is a copy of US Patent No. 5,025,372. SHC Direct has insufficient knowledge regarding the remaining allegations of this Paragraph and consequently denies same, leaving Meridian to its proofs.

8. Meridian is the owner of U.S. Patent No. 5,025,372 (hereinafter, the "'372 Patent").

**ANSWER:**

SHC Direct admits only that Meridian purports to own the '372 patent. SHC Direct has insufficient knowledge regarding the remaining allegations of this Paragraph and consequently denies same, leaving Meridian to its proofs.

9. Meridian has been making, using, offering for sale, selling, distributing, and/or servicing computerized incentive award programs which are covered and protected by the claims of invention of the '372 Patent.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the allegations of this Paragraph and consequently denies same, leaving Meridian to its proofs.

10. Meridian has complied with 35 U.S.C. § 287.

**ANSWER:**

Denied.

## COUNT I - PATENT INFRINGEMENT

The following allegations in paragraphs 49-65 [sic] are made with respect to SHC.

11. SHC sells, administers, processes and/or sponsors an incentive program where cards are provided to participants in the incentive program. Those cards have the name of the participant and an account number on them.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the meaning and context of such terms as used by Meridian as "incentive program" and "cards" for which no definition or context is provided, to admit or deny this paragraph and consequently denies same leaving Meridian to its proofs.

12. Participants can present those cards to retailers in order to make a purchase.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the meaning and context of such terms as used by Meridian as "participants" and "cards" for which no definition or context is provided, to admit or deny this paragraph and consequently denies same leaving Meridian to its proofs.

4

13. Retailers honor the cards and allow participants to make purchases with them.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the meaning and context of such terms as used by Meridian as "retailers," "honor," "participants" and "cards" for which no definition or context is provided, to admit or deny this paragraph and consequently denies same leaving Meridian to its proofs.

14. A computer database is associated with the incentive program and contains the names, addresses, and/or social security numbers of the participants.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the meaning and context of such terms as used by Meridian as "computer database," "associated," "incentive program," and "participants" for which no definition or context is provided, to admit or deny this paragraph and consequently denies same leaving Meridian to its proofs.

15. That database also contains the account numbers that appear on the cards that is provided to the participants.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the meaning and context of such terms as used by Meridian as "database," "account numbers," "cards" and "participants" for which no definition or context is provided, to admit or deny this paragraph and consequently denies same leaving Meridian to its proofs.

16. One can tell from that database which account number is associated with which participant.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the meaning and context of such terms as used by Meridian as "one," "database," "account number," "associated," and "participant" for which no definition or context is provided, to admit or deny this paragraph and consequently denies same leaving Meridian to its proofs.

17. A computer is used to determine whether or not a participant's performance under the incentive program entitles the participant to an award.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the meaning and context of such terms as used by Meridian as "computer," "determine," "participant's performance," "incentive program," "participant" and "award," for which no definition or context is provided, to admit or deny this paragraph and consequently denies same leaving Meridian to its proofs.

18. The computer also determines the amount of the award.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the meaning and context of such terms as used by Meridian as "computer," "determines," "amount," and "award" for which no definition or context is provided, to admit or deny this paragraph and consequently denies same leaving Meridian to its proofs.

19.     The amount of the award is based upon the level of the participant's performance in the incentive program.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the meaning and context of such terms as used by Meridian as "amount of the award," "based," "level of the participant's performance" and "incentive program," for which no definition or context is provided, to admit or deny this paragraph and consequently denies same leaving Meridian to its proofs.

20.     Some or all of the purchases made by a participant with the card are paid for with money provided by the company sponsoring the program.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the meaning and context of such terms as used by Meridian as "purchases made by a participant," "with the card," "paid for with money," "provided by the company" and "sponsoring the program" for which no definition or context is provided, to admit or deny this paragraph and consequently denies same leaving Meridian to its proofs.

21.     A computer is used to keep track of transactions made with the card.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the meaning and context of such terms as used by Meridian as "computer," "used to keep track," "transactions," and "card" for which no definition or context is provided, to admit or deny this paragraph and consequently denies same leaving Meridian to its proofs.

22.     The cards are not associated with or linked to the participants' personal checking accounts.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the meaning and context of such terms as used by Meridian as "not associated with or linked," "participants'," and "checking accounts" for which no definition or context is provided, to admit or deny this paragraph and consequently denies same leaving Meridian to its proofs.

23.   The money used to pay for transactions with the cards is in a bank account owned by someone other than the participant.

**ANSWER:**

SHC Direct has insufficient knowledge regarding the meaning and context of such terms as used by Meridian as "money used to pay," "transactions," "cards," "bank account," "owned" and "someone other than the participant" for which no definition or context is provided, to admit or deny this paragraph and consequently denies same leaving Meridian to its proofs.

24.   Upon information and belief, SHC has known of Meridian and the '372 patent since at least before SHC began selling, administering, processing, and/or sponsoring its card-based incentive award programs.

**ANSWER:**

SHC Direct admits only that individuals at SHC Direct have known of Meridian and that it claimed to own a patent that had been asserted in litigation, since prior to any involvement with the Sony program, and denies each and every other allegation of this paragraph.

25.   SHC has itself infringed, induced others to infringe, and contributed to the infringement of the '372 patent by making, using, offering for sale, selling, distributing, and/or servicing card-based incentive award programs that infringe one or more claims of the '372 patent.

**ANSWER:**

Denied.

26.     SHC will continue to infringe, induce others to infringe, and contribute to the infringement of the '372 patent unless enjoined by this Court.

**ANSWER:**

SHC Direct denies any infringement of any type.

27.     SHC is a willful infringer.

**ANSWER:**

SHC Direct denies any infringement of any type, willful or otherwise.

### Meridian's Prayer for Relief

**WHEREFORE,** Meridian prays this Court:

A.     Permanently enjoin SHC, and those acting in concert and participation therewith from infringing, inducing others to infringe, or contributing to the infringement of United States Patent No. 5,025,372;

B.     Award all monetary damages to Meridian for patent infringement as allowed by 35 USC Section 284;

C.     Treble the damage award pursuant to 35 USC Section 284;

D.     Determine that SHC's conduct renders the patent infringement an exceptional case and award attorneys' fees pursuant to 35 USC Section 285;

E.     Award Meridian its costs and expenses; and,

F.     Grant all other relief that this Court deems necessary, just and proper under the circumstances.

**ANSWER TO PRAYER FOR RELIEF:**

SHC Direct denies that Meridian is entitled to any relief whatsoever and further states that Meridian's conduct renders this an exceptional case under 35 USC Section 285 entitling SHC Direct to:

9

1. An award of its reasonable attorneys' fees:

2. It's costs and expenses; as well as,

3. All other relief that this Court deems just, proper and necessary under the circumstances.

## II. AFFIRMATIVE DEFENSES

### First Affirmative Defense:

1. The Claims of the '372 patent being asserted by Meridian are invalid under one or more sections of 35 USC Sections 101 *et seq.*, including but not limited to Section 102 for anticipation, Section 103 for obviousness, and/or Section 112 for indefiniteness and/or lack of enablement of the alleged invention claimed in the '372 patent.

### Second Affirmative Defense:

2. The Claims of the '372 patent are not infringed by SHC Direct, either literally or under the Doctrine of Equivalents, nor has SHC Direct contributed to infringement by others, nor has SHC Direct actively induced others to infringe any claim of the '372 patent.

### Third Affirmative Defense

3. Meridian is barred from asserting and recovering for patent infringement of the '372 patent against SHC Direct based on the doctrine of prosecution history estoppel based on statements and conduct made by the patentee or its counsel during the prosecution of the '372 patent.

### Fourth Affirmative Defense

4. Meridian is barred from asserting and recovering for patent infringement of the '372 patent against SHC Direct based on patent misuse in connection with its bad faith attempts at enforcing and licensing the '372 patent in connection with debit card based programs known by Meridian to be outside the scope of the '372 patent, if valid at all.

### Fifth Affirmative Defense:

5. Meridian has failed to comply with the patent marking requirements of 35 USC Section 287 so as to limit and/or bar its ability to recover monetary damages.

### Sixth Affirmative Defense:

6. Meridian has failed to state a claim upon which relief may be granted.

### Seventh Affirmative Defense:

7. Meridian is barred from recovering any relief whatsoever based on the Doctrine of Unclean Hands.

### Eighth Affirmative Defense

8. Meridian is barred from receiving any relief whatsoever based on equitable estoppel and/or acquiescence.

**WHEREFORE**, Defendant SHC Direct prays that judgment be entered in its favor and against Plaintiff Meridian and that this Court:

1. Find this case to be an exceptional case under 35 USC Section 285 based on Meridian's conduct;

2. Find the patent in suit to be invalid, not infringed and/or unenforceable;

3. Award SHC Direct its reasonable attorneys' fees as well as its costs and expenses; and,

4. Award to SHC Direct all other relief that this Court deems just, proper and necessary under the circumstances.

### III. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 and the Seventh Amendment of the Constitution of the United States, SHC Direct, LLC respectfully requests trial by jury on all issues so triable in the case.

                SHC DIRECT, LLC

                By: /s/ *Max Shaftal*
                      One of its attorneys

Phillip S. Reed, Esq.
Max Shaftal, Esq.
Scott W. Smilie, Esq.
Patzik, Frank & Samotny Ltd.
150 South Wacker Drive, Suite 1500
Chicago, Illinois  60606
(312) 551-8300
(312) 551-1101 - Fax
Firm No. 35160
***Attorneys for Defendant***

Dated:   February 15, 2008